UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| | ) | |
| v. | ) | Criminal No. 21-10162-DJC |
| | ) | |
| DANA MCINTYRE, | ) | |
| Defendant. | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'**
***EX PARTE* MOTION FOR POST-INDICTMENT RESTRAINING ORDER**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully submits this memorandum of law in support of its Motion for Restraining Order, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (b)(1), incorporating 21 U.S.C. § 853(e)(1)(A). The United States seeks to forfeit the following real properties: of the following:

a.  a parcel of land with a dwelling thereon, also known as 366 Houghtonville Road, Grafton, Vermont, with all appurtenances and improvements thereon, more particularly described in the Warranty Deed recorded on August 3, 2020, at the Town Clerk's Office, Grafton, Vermont, in Book 60, Page 1-5 (the "Real Property"); and

b.  at least eight (8) live alpacas, purchased on or about September 20, 2020 and December 25, 2020, located at the Real Property and owned by the Defendant, his agents, servants, employees, attorneys, family members, and all other persons in active concert or participation with him (the "Alpacas").

To preserve the *status quo* with respect to the Real Property and the Alpacas, while the case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the Real Property and the Alpacas, and for the care of the Alpacas.

As set forth in more detail below, the applicable forfeiture statute expressly authorizes this Court to issue a restraining order where, as here, the United States seeks to restrain

property after an Indictment has been returned.

## Procedural Background

On May 25, 2021, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging defendant Dana McIntyre (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Four); and Money Laundering, in violation of 18 U.S.C. § 1957 (Counts Five through Seven).  The Indictment included a forfeiture allegation, which provided notice that the United States intends to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Four of the Indictment, of any property, real or personal, involved in the offenses, or any property traceable to such property; and/or any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  In the Indictment, the United States identified the Real Property and the Alpacas as being subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

In addition, the Indictment included a forfeiture allegation, which provided notice that the United States intends to seek forfeiture, pursuant to 18 U.S.C. § 982 (a)(1), and upon conviction of the Defendant of one or more of the offenses alleged in Counts Five through Seven of the Indictment, of any property, real or personal, involved in such offenses, or any property traceable to such property; and/or any property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as the result of such offenses.  In the Indictment, the United States identified the Real Property and the Alpacas as being subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1).

## Legal Analysis

To preserve the *status quo* while this case is pending with respect to the Real Property

and the Alpacas, which are identified as directly forfeitable in the Indictment, the United States now seeks a Restraining Order, restraining the transfer, alienation, concealment, or dissipation of the Real Property and the Alpacas, and for the care of the Alpacas.  As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue such restraining orders.  *See* 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 982 and 28 U.S.C. § 2461(c).

    A.    **What is Forfeitable**

The forfeiture statutes applicable in this case are 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (b)(1).  Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to forfeit any property, real or personal, involved in the offenses, or any property traceable to such property; and/or any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses in violation of 18 U.S.C. § 1343, and as evidenced by the return of the Indictment, a Grand Jury has found probable cause to believe that the Real Property and the Alpacas are property that were involved in the offenses, property traceable to such property, and/or property which constitutes or is derived from proceeds traceable to the offenses.

Further, pursuant to 18 U.S.C. §§ 982(a)(1) and (b)(1), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property; and/or any property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as the result of such offenses in violation of 18 U.S.C. § 1957, and as evidenced by the return of the Indictment, a Grand Jury has found probable cause to believe that the Real Property and the

Alpacas are property that were involved in the offenses, property traceable to such property, and/or property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as a result of such offenses.

### B. Post-Indictment Restraint

Any property subject to forfeiture under the applicable forfeiture statute may be restrained pre-trial or during the pendency of a forfeiture ancillary proceeding.  *See United States v. Balsiger*, No. 07–CR–57, 2015 WL 5158692, *11 (E.D. Wisc. Sept. 2, 2015) (pretrial restraint, including a *lis pendens* on property to preserve it for forfeiture does not violate the Fifth Amendment or Sixth Amendment, even if the assets would otherwise be used to pay a defendant's legal fees); *United States v. Hailey*, Criminal No. 11–CR–0540–WDQ, 2011 WL 5386328, *1 (D. Md. Oct. 31, 2011) (restraining defendant and his wife from spending any funds traceable to conduct alleged as a fraud scheme, except for "food, shelter and medical attention"); *United States v. Schlotzhauer*, No. 06-00091-01/03-CR-W-GAF, 2008 WL 320717, *11 (W.D. Mo. 2008) (where indictment sought, and statute authorized, forfeiture of both proceeds and facilitating property, restraining order need not be limited to the dollar value of the proceeds set forth in the indictment but may include property forfeitable as facilitating property as well); *United States v. Madoff*, No. 09 Cr. 213(DC), 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009), *1-2 (setting forth text of order restraining everything defendant and his wife owns).

This Court has authority to issue a restraining order without a hearing.  *See* 21 U.S.C. § 853(3)(2) ("A temporary restraining order under this section may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates

4

that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture…and that provision of notice will jeopardize the availability of the property for forfeiture."); *see also United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991) ("notice and a hearing need not occur before an ex parte restraining order is entered pursuant to section 853(e)(1)(A)") (abrogated on other grounds); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989) (same); *United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (restraining order may be entered upon the filing of the indictment; post-restraint hearing under the *Jones-Farmer* rule is sufficient to protect defendant's right to due process).

The issuance of a pre-trial restraining order is not discretionary. If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court **must** enter the restraining order. *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction").

Under the statutory scheme of 21 U.S.C. § 853(e), as incorporated by 18 U.S.C. §§ 981 and 982, whether or not a restraining order is temporary turns on whether an indictment has been returned or information filed. Under 21 U.S.C. § 853(e)(1)(B), a temporary (up to 90 days) restraining order obtained with notice to persons appearing to have an interest in the

property sheds its expiration date if an indictment is returned. *See* 21 U.S.C. § 853(e)(1)(B)(ii) ("shall be effective for not more than ninety days, unless extended by the court for good cause shown or <u>unless an indictment or information</u>…<u>has been filed</u>.") (emphasis added).  Therefore, the filing of an indictment allows issuance of a restraining order with no time limitations *or* the conversion of a pre-indictment temporary restraining order into a permanent one.  In addition, the statutory provisions that govern applications for pre-indictment temporary restraining orders specifically state whether or not notice is required and the ramifications thereof (*i.e.*, 90-day time limitation versus a 14-day limitation).  *See* 21 U.S.C. §§ 853(e)(1)(B) and 853(e)(2). In contrast, the statutory provision that governs post-indictment restraining orders contemplates *ex parte* applications because it does not mandate notice.  *See* 21 U.S.C. § 853(e)(1)(A).  *See also Nken v. Holder,* 556 U.S. 418, 426 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"), citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997); *see United States v. Jones*, 160 F.3d 641, 647-49 (10th Cir. 1998) (pre-trial restraints may be imposed *ex parte*); *United States v. Jenkins*, 974 F.2d 32, 35-36 (5th Cir. 1992) (no due process violation where post-indictment restraining order was entered *ex parte*); *United States v. Monsanto*, 924 F.2d 1186, 1192-93 (2d Cir. 1991) (unanimous *en banc* court, on remand from Supreme Court case cited in text, *infra*, concludes that strong government interests and exigent circumstances in forfeiture context justify imposition of pre-trial restraints without pre-restraint hearing).

Moreover, unlike 21 U.S.C. § 853(e)(1)(B), which permits restraint of assets <u>prior to</u> indictment only upon a showing by the United States of a substantial probability (i) that the United States will prevail on the issue of forfeiture; (ii) that failure to enter the order will result

in loss of the property for forfeiture; and (iii) that the need to preserve the assets outweighs the hardship on any party affected by the order, a restraining order after the filing of an indictment, like the one that the United States now seeks, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable.  *See United States v. Monsanto*, 491 U.S. 600, 615-16 (1989) ("[I]t would be odd to conclude that the Government may not restrain property ... based on a finding of probable cause, when we have held that (under appropriate circumstances), the United States may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense").

In the case at bar, the United States included the Real Property and the Alpacas in the forfeiture allegation of the Indictment as property directly forfeitable to the United States and the Grand Jury found probable cause and returned the Indictment.  The Real Property and the Alpacas are subject to forfeiture pursuant 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (b)(1).  Accordingly, this Court has the authority to issue a restraining order against the Real Property to prevent the transfer and/or dissipation of the Real Property pending the adjudication of any third party interests, and against the Alpacas in order that they are properly cared for so that they remain in a healthy condition, and also to prevent the transfer, dissipation, and/or disposal of the Alpacas pending the adjudication of any third party interests.

## **CONCLUSION**

To preserve the *status quo* with respect to the Real Property and the Alpacas, the United States requests that the Court allow its *Ex Parte* Motion for Post-Indictment Restraining Order and issue the proposed Order filed herewith.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney,

By:   */s/ Carol E. Head*
DAVID M. HOLCOMB
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date:  May 26, 2021                         carol.head@usdoj.gov